**UNITED STATES ex rel. Frederick D. SIEBOLD, Relator-Appellant,**

v.

**Frederick REINCKE, Warden, Respondent-Appellee.**

**No. 420, Docket 30248.**

United States Court of Appeals
Second Circuit.

Argued June 1, 1966.

Decided June 16, 1966.

Edward B. Winnick, New Haven, Conn., for appellant.

George R. Tiernan, State's Atty., New Haven, Conn., for appellee.

Before MOORE, SMITH and KAUF-MAN, Circuit Judges.

PER CURIAM:

Appellant is presently serving a five to nineteen year sentence in the Connecticut State Prison, having pleaded guilty as a second offender to twelve counts of statutory burglary. After exhausting his state remedies, he applied to the District Court for the District of Connecticut for a writ of habeas corpus. From a denial of his petition he appeals.

We think the petition was properly denied. A conviction will not be sustained if it rests upon a plea of guilty which is the result of coercion, nor, perhaps, if the plea of guilty resulted from other violations of constitutional rights. United States ex rel. Vaughn v. LaVallee, 318 F.2d 499 (2d Cir. 1963); see United States ex rel. McGrath v. La-Vallee, 319 F.2d 308, 311 (2d Cir. 1963). But the hearing before the District Court indicated that petitioner's guilty plea was not the result of unconstitutionally obtained evidence. Petitioner asserts that his statements made in the early morning of February 20, 1964, after his arrest and after several hours of questioning by the police at the station house, were taken in violation of his right to counsel as established by Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964). We do not need to decide this question. There was other evidence against petitioner which was highly damaging and clearly admissible: his bizarre behavior at the scene of the crimes and his handwriting specimens, voluntarily given, which matched the writing of "The Night Hawk" burglar. We cannot say that the guilty plea here was the result of the statements at the police station.

While we do not rest our decision on this, we note that petitioner's conviction became final before Escobedo was decided. He pleaded guilty before the Superior Court on April 7, 1964, and was sentenced on April 17, 1964. His time to appeal expired two weeks later. Connecticut Practice Book § 601 (Rev.1963); see Conn.Gen.Stat.Ann. § 54–95 (1964 Supp.). The decision in Escobedo was not handed down until June 22, 1964. We have recently held that Escobedo would not be applied retroactively to state court convictions which became final before the rendition of the opinion in Escobedo. United States ex rel. Romano v. Fay, 2d Cir., April 29, 1966, 360 F.2d 389, p. 394 n. 5. See Linkletter v. Walker, 381 U.S. 618, 622 n. 5, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965).

The Court wishes to express its thanks to petitioner's assigned counsel, Edward B. Winnick, Esq., for his able presentation of the petitioner's case on appeal.

Affirmed.