FRANK WILLIAMS *v.* FREDERICK G. REINCKE, WARDEN, CONNECTICUT STATE PRISON

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued October 9—decided November 6, 1968

*David M. Borden,* special public defender, for the appellant (plaintiff).

*Francis M. McDonald,* state's attorney, for the appellee (defendant).

THIM, J. The finding of facts, which is not subject to correction, reveals the following: On September 17, 1964, at 2:30 p.m., the plaintiff, armed with a revolver, robbed the Wolcott branch of the Waterbury Savings Bank. As he was leaving the bank with the stolen money in his left hand and the revolver in his right hand, an automatic camera in the bank photographed him. A seventeen-year-old girl, who accompanied the plaintiff to the bank, informed the police that the plaintiff had committed the robbery. With knowledge that the plaintiff had committed a felony and with his photograph, a police officer approached the plaintiff about 1 a.m. on September 19, 1964, in the lobby of a New Britain hotel, where the plaintiff had been residing. The officer drew his gun and took from the plaintiff a gun which he was carrying in his belt and a sum of money which the plaintiff stated he had taken from the bank. The plaintiff was arrested in the lobby without a warrant. Prior to the arrest, the police

had illegally searched the plaintiff's room at the hotel without a warrant and seized $3436, which would have been used as evidence against the plaintiff in the event of a trial.

While in police custody, the plaintiff was rearrested pursuant to a Circuit Court warrant, which was unsupported by oath or affirmation. Pursuant to this warrant, the plaintiff was presented before the Circuit Court on a charge of robbery with violence. General Statutes § 53-14. He waived a hearing on probable cause and was bound over to the October, 1964, term of the Superior Court. Before waiving a probable cause hearing, the plaintiff was advised of his constitutional rights by the presiding judge of the Circuit Court and was at all times represented by a public defender.

The plaintiff requested that he be presented before the Superior Court forthwith instead of at the October term. In compliance with his request, a warrant unsupported by oath or affirmation was issued by the Superior Court, and the plaintiff was presented in that court on September 22, 1964. In response to questions addressed to him by the presiding judge of the Superior Court, the plaintiff stated that his constitutional rights had been explained to him, that he knew that he did not have to plead if he did not wish to do so, and that he had discussed the matter with his attorney, who was then and there present with him. Thereupon, the plaintiff pleaded guilty to the information charging him with the crime of robbery with violence in violation of General Statutes § 53-14.

Subsequent to his original arrest, but prior to his plea, the plaintiff was interrogated by the police, and he gave a written, signed statement. The interrogation was conducted without prior effective

warning to the plaintiff of his right to counsel and his right to remain silent.

The court ordered the case continued until October 6, 1964, for a presentence investigation and report. On October 6, the court sentenced the plaintiff to imprisonment. On the same day, the plaintiff, with the knowledge and approval of his attorney and upon his advice, acknowledged in writing that the money which had been taken from his hotel room on September 19, 1964, was money stolen by him from the bank, and he requested that the money be returned to the bank.

The plaintiff, who is presently confined in prison, did not challenge his arrest until he filed his application for a writ of habeas corpus on February 1, 1966. In his application, the plaintiff requested his immediate release on the grounds that (1) his arrest was illegal because it was made pursuant to a warrant unsupported by oath or affirmation in violation of the fourth and the fourteenth amendments to the United States constitution and (2) the police illegally searched his hotel room and illegally seized property from his person and from his hotel room. Following a hearing, the court concluded that the plaintiff consented to the court's jurisdiction, that the property taken from his person was legally seized incident to a lawful arrest and that the confession was not illegally obtained. The court further concluded that, although property was illegally seized from the plaintiff's hotel room, that did not induce him to make an involuntary plea of guilty. The petition was denied, the court certified the case for review pursuant to General Statutes § 52-470, and the plaintiff has taken the present appeal.

The court did not err in concluding that the plain-

tiff consented to the court's jurisdiction and voluntarily submitted himself thereto. Consent to the jurisdiction amounts to a waiver of the defective bench warrants, which were unsupported by findings of probable cause based on oath or affirmation. *State* v. *Orsini,* 155 Conn. 367, 379, 232 A.2d 907. An illegal arrest by itself is not sufficient to warrant habeas corpus relief. *United States ex rel. Orsini* v. *Reincke,* 286 F. Sup. 974, 978 (D. Conn.), aff'd, 397 F.2d 977 (2d Cir.); *Reed* v. *Reincke,* 155 Conn. 591, 594, 236 A.2d 909. The trial court was correct in refusing to afford retroactive effect to *State* v. *Licari,* 153 Conn. 127, 214 A.2d 900. *Reed* v. *Reincke,* supra, 601. The plaintiff is therefore not entitled to release on the basis of his claim that the arrest warrant was unsupported by oath or affirmation.

The plaintiff claims that the money taken from his room and from his person was seized illegally, that his written confession was obtained illegally in that he was not advised of his right to counsel and his right to remain silent, and that these articles would be used against him in the event of a trial. These circumstances, the plaintiff contends, caused him to make an involuntary plea of guilty. The burden of alleging and proving this claim was on the plaintiff. *Vena* v. *Warden,* 154 Conn. 363, 367, 225 A.2d 802.

A plea of guilty, when entered knowingly, voluntarily and on the advice of counsel, constitutes a waiver of all nonjurisdictional defenses. *United States ex rel. Rogers* v. *Warden,* 381 F.2d 209, 212 (2d Cir.); *United States ex rel. Glenn* v. *McMann,* 349 F.2d 1018, 1019 (2d Cir.), cert. denied, 383 U.S. 915, 86 S. Ct. 906, 15 L. Ed. 2d 669; *United States ex rel. Boucher* v. *Reincke,* 341 F.2d 977, 980 (2d

Cir.). A guilty plea is not, however, a waiver of constitutional claims if it was involuntarily given as a result of a violation of an accused's fundamental constitutional rights. *Pennsylvania ex rel. Herman* v. *Claudy,* 350 U.S. 116, 118, 76 S. Ct. 223, 100 L. Ed. 126; *Doran* v. *Wilson,* 369 F.2d 505, 507 (9th Cir.). A plea of guilty cannot stand if it was rendered involuntary by a coerced confession; *Gladden* v. *Holland,* 366 F.2d 580, 583 (9th Cir.); *Smith* v. *Wainwright,* 373 F.2d 506, 507, 508 (5th Cir.); by a denial of the right to counsel; *Pennsylvania ex rel. Herman* v. *Claudy,* supra; *Wright* v. *Dickson,* 336 F.2d 878, 882 (9th Cir.), cert. denied, 386 U.S. 1012, 87 S. Ct. 1360, 18 L. Ed. 2d 444; or by a fear that illegally seized evidence would be introduced at the trial. *United States ex rel. Burke* v. *Mancusi,* 276 F. Sup. 148, 153 (E.D.N.Y.).

The mere occurrence of a constitutional violation is not, however, sufficient to render a plea of guilty involuntary and thus susceptible to nullification in habeas corpus proceedings. *Waley* v. *Johnston,* 139 F.2d 117, 121 (9th Cir.), cert. denied, 321 U.S. 779, 64 S. Ct. 617, 88 L. Ed. 1090. So long as the guilty plea was voluntarily made, it will withstand a collateral attack despite the fact that some of the accused's constitutional rights were infringed. *Knowles* v. *Gladden,* 378 F.2d 761, 766 (9th Cir.); *Busby* v. *Holman,* 356 F.2d 75, 77 (5th Cir.). All of the circumstances surrounding the entry of the guilty plea in court should be considered in determining the voluntariness of the plea. *Earley* v. *United States,* 263 F. Sup. 522, 527 (C.D. Cal.). The presence of counsel at the time when the plea of guilty was entered militates strongly against a conclusion that the plea was involuntary. *Reed* v. *Henderson,* 385 F.2d 995, 997 (6th Cir.). The plea

of guilty will ordinarily not be invalidated if, at the time of the plea, the prosecuting authorities had admissible evidence which was highly damaging to the accused. See *United States ex rel. Siebold* v. *Reincke*, 362 F.2d 592, 593 (2d Cir.).

The trial court in the instant case concluded that the search of the plaintiff in the hotel lobby without a warrant was valid. We agree. The arresting officer certainly had reasonable grounds to believe that the plaintiff had committed a felony, and the search was incident to a lawful arrest. The court was also correct in ruling that the confession was not unconstitutionally elicited because the warnings specified in *Miranda* v. *Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694, were not required in October, 1964. *Johnson* v. *New Jersey*, 384 U.S. 719, 86 S. Ct. 1772, 16 L. Ed. 2d 882.

The court also concluded that, although the warrantless search of the plaintiff's hotel room prior to his arrest was illegal, a fear that the uncovered evidence would be introduced at the trial did not induce the plaintiff to plead guilty. The court found that the plaintiff voluntarily pleaded guilty because his photograph was taken by an automatic camera while he was leaving the bank with the stolen money and a gun and because his female companion informed the police that he had robbed the bank. The plaintiff was advised of his rights, and he conferred with his court-appointed attorney prior to entering his plea of guilty. The court's conclusion that the plaintiff's plea of guilty was voluntary and not prompted by a violation of any of his fundamental constitutional rights is amply supported by the record and should not be disturbed.

There is no error.

In this opinion the other judges concurred.