STATE OF CONNECTICUT *v.* HARRY SAIDEL

KING, C. J., ALCORN, HOUSE, COTTER and THIM, Js.

Argued December 5, 1969—decided January 15, 1970

*William M. Vishno,* for the appellant (defendant).

*David B. Salzman,* assistant state's attorney, with whom, on the brief, was *Arnold Markle,* state's attorney, for the appellee (state).

THIM, J. The defendant was convicted of the crime of perjury in violation of § 53-143 of the General Statutes. He was arrested under a bench warrant issued by a judge of the Superior Court upon an original information and affidavit filed by the state's attorney. The judgment recites the entry of a not guilty plea on July 12, 1966. Prior to pleading to the information, the defendant filed a motion to quash or dismiss on the ground of the invalidity of the arrest under the bench warrant on June 2, 1966, which motion the court denied on June 28, 1966.

The defendant's arrest and subsequent conviction for perjury arose from his testimony at an inquiry held under the authority of § 54-47 of the General Statutes relating to the reinstatement of suspended motor vehicle operators' licenses. At the hearing the defendant testified that one Margaret McDuffie offered him $50 to aid in the reinstatement of her suspended license but that he refused the money. There was conflicting testimony to the effect that Margaret McDuffie had given the defendant $50.

On the basis of what took place at the hearing, the state's attorney applied for a bench warrant for the defendant's arrest in accordance with an affidavit which contained four essential facts: (1) that he was the state's attorney for New Haven County; (2) that he appeared at the inquiry ordered by the Superior Court entitled "In the Matter of the Return of Suspended Motor Vehicle Licenses" on March 24, 1966; (3) that the defendant, Harry Saidel, testified while under oath at the inquiry that "he did not receive any money from anybody in connection with the return of the suspended automobile license of one Margaret McDuffie"; and (4) "that said Margaret McDuffie testified a sum of money

was paid to the said Harry Saidel in connection with his services in connection with reinstatement of her suspended license."

The affidavit related only the four facts mentioned above, and the defendant claims that it contained nothing which could reasonably lead the court to believe that there was probable cause to issue a bench warrant against Harry Saidel for perjury. In the case of *State* v. *Licari*, 153 Conn. 127, 132, 214 A.2d 900, this court recognized as established law that the fourth amendment to the United States constitution applies to arrest warrants as well as to search warrants. "The provision of the fourth amendment that 'no warrants shall issue, but upon probable cause, supported by oath or affirmation' clearly requires, inter alia, that a state's attorney applying for a bench warrant submit facts, supported by oath or affirmation, from which the judge or court can make an independent determination that probable cause exists for the issuance of the bench warrant under General Statutes § 54-43." Id., 132. The claim attacks the court's jurisdiction of the defendant's person and, if sound, would require a dismissal of the case against him. Id., 129.

While *State* v. *Licari* concerned a case where no affidavit was presented to the judge issuing the warrant and expressly refused to consider a subordinate claim that the judge did not have sufficient facts before him to reach an independent determination as to the existence of probable cause, it did recognize the rule that sufficient facts for such a determination are necessary. Id., 133, 134. In the present case, the matter contained in the affidavit is the sole basis for consideration on appeal of whether there was probable cause to issue the warrant. "The protection afforded to the citizen by . . . [the

fourth amendment to the United States constitution and article first, § 7, of the Connecticut constitution] requires an impartial and deliberate determination of probable cause by the authority empowered to issue the warrant. *United States* v. *Ventresca,* 380 U.S. 102, 105, 85 S. Ct. 741, 13 L. Ed. 2d 684. The purpose served by the affidavit is to enable the issuing authority to weigh the persuasiveness of the facts relied upon by the affiant and, from them, to determine whether the necessary probable cause exists." *State* v. *DeNegris,* 153 Conn. 5, 8, 212 A.2d 894.

The basic question is thus whether the judge who issued the warrant had, in the affidavit presented to him, a sufficient basis for finding that probable cause existed for issuing the warrant after considering the facts alleged. Id., 9; see *Giordenello* v. *United States,* 357 U.S. 480, 486, 78 S. Ct. 1245, 2 L. Ed. 2d 1503. On turning to the affidavit in question, one is presented with two conflicting statements made under oath. The affidavit contains no suggestion of any available evidence which would corroborate the testimony of Margaret McDuffie under the rule of such cases as *State* v. *Campbell,* 93 Conn. 3, 12, 104 A. 653; see also *Weiler* v. *United States,* 323 U.S. 606, 65 S. Ct. 548, 89 L. Ed. 495; 41 Am. Jur., Perjury, § 67. Without more, the mere recitation of two conflicting statements cannot provide a sufficient basis for finding probable cause to arrest either of the witnesses for committing perjury. The affidavit suggests on its face that either Saidel or Margaret McDuffie had lied at the inquest, but the determination of which should be arrested necessarily remains subject to conjecture. The state suggests in its brief that it is more probable than not that Saidel had been paid for his services, and consequently there

was a sufficient basis for believing that Saidel rather than Margaret McDuffie had committed perjury. Such an argument must fail, since it is based on mere suspicion and conjecture and not on a knowledge of facts sufficient to justify a reasonable man in finding an adequate basis for concluding that probable cause exists. See *Zenik* v. *O'Brien,* 137 Conn. 592, 597, 79 A.2d 769. "As courts have repeatedly stated, evidence establishing 'probable cause' need not be sufficient to establish guilt. On the other hand, common rumor or report, suspicion, or even strong reason to suspect, are not sufficient to constitute probable cause for the issuance of an arrest warrant." *United States* v. *Peisner,* 311 F.2d 94, 104 (4th Cir.). More was clearly needed in the affidavit under consideration to indicate that probable cause existed for the arrest of the defendant. As stated in *Jaben* v. *United States,* 381 U.S. 214, 224, 85 S. Ct. 1365, 14 L. Ed. 2d 345, a complaint "must provide the affiant's answer to the magistrate's hypothetical question, 'What makes you think that the defendant committed the offense charged?' " Since the judge had to make an independent determination that there was probable cause that Saidel had committed perjury, it was not enough for the state's attorney merely to present two conflicting statements made under oath.

It should be noted in passing that cases such as *Reed* v. *Reincke,* 155 Conn. 591, 594, 236 A.2d 909, *State* v. *Gyuro,* 156 Conn. 391, 242 A.2d 734, cert. denied, 393 U.S. 937, 89 S. Ct. 301, 21 L. Ed. 2d 274, and *Williams* v. *Reincke,* 157 Conn. 143, 146, 147, 249 A.2d 252, which recognize the rule set down in *State* v. *Licari,* 153 Conn. 127, 214 A.2d 900, but denied relief on that ground because the claim was not timely raised, do not apply to the instant case.

Saidel raised the claim of want of jurisdiction prior to his plea on the merits, so he cannot be held to have submitted to the court's jurisdiction of his person. See *Reed* v. *Reincke,* supra, 597–99.

In view of our conclusion, we do not discuss the other claims of error.

There is error, the judgment is set aside and the case is remanded with direction to dismiss the information against the defendant for lack of jurisdiction of his person.

In this opinion the other judges concurred.