## Joseph D. LaReau *v.* Warden, Connecticut State Prison

House, Thim, Ryan, Shapiro and Loiselle, Js.

Argued April 7—decided June 21, 1971

*Richard R. Stewart,* for the appellant (plaintiff).

*Bernard D. Gaffney,* assistant state's attorney, with whom, on the brief, was *John D. LaBelle,* state's attorney, for the appellee (state).

Shapiro, J. The plaintiff, represented by private counsel, was sentenced on February 2, 1966, by the Superior Court to imprisonment for not less than

two nor more than six years, after he had pleaded guilty to the charge of indecent assault under General Statutes § 53-217, the sentence to be concurrent with time to be served for violation of parole. He filed a petition for a writ of habeas corpus on February 15, 1968. On March 12, 1968, the court appointed counsel to represent him. On July 5, 1968, an amended petition was filed by the plaintiff's court-appointed counsel in which he alleged certain violations of the plaintiff's constitutional rights, on the grounds: That on January 19, 1966, he pleaded guilty on advice of counsel; that on February 2, 1966, he expressed to the trial court his desire to withdraw his plea of guilty, whereupon pressure was then exerted on him by his counsel to maintain his plea of guilty; that he was subjected to pressure and coercion and denied the right to the effective assistance of counsel. A hearing was held on the merits of his habeas corpus petition, and on November 4, 1968, the court rendered judgment dismissing the petition. On November 12, 1968, the plaintiff was granted permission to appeal and has appealed to this court.

The plaintiff assigns error in the failure of the court to find five paragraphs of the draft finding but no claim is made that the facts stated in them are admitted or undisputed. Nevertheless, we construe the assignment as based on that claim. See *Aetna Casualty & Surety Co.* v. *Poppel & Sons Service Station, Inc.*, 142 Conn. 598, 600, 115 A.2d 655. To secure an addition on this ground, it is necessary for an appellant to point to some part of the appendix, the pleadings, or an exhibit properly before us, which discloses that the appellee admitted that the fact in question was true or that its truth was conceded to be undisputed. *Martin* v. *Kavanewsky,*

157 Conn. 514, 515, 255 A.2d 619; *State* v. *Dukes,* 157
Conn. 498, 500, 255 A.2d 614; Maltbie, Conn. App.
Proc. § 158. That a fact was testified to and was not
directly contradicted by another witness is wholly
insufficient. Practice Book § 628 (a). The trier is
the judge of the credibility of witnesses. *Banks* v.
*Adelman,* 144 Conn. 176, 179, 128 A.2d 534, and cases
cited therein. The facts sought to be added are not
shown to be admitted or undisputed.

The following unattacked facts were found by
the court: The plaintiff, who was on parole from
the state prison, was arrested on December 4, 1965,
and bound over to the Superior Court, where he
was charged with indecent assault and breaking and
entering a dwelling in the daytime. On January
11, 1966, he entered a plea of not guilty to both
counts. On January 19, 1966, the case was assigned
and ready for trial when the plaintiff changed his
plea to guilty to the count on indecent assault and
the assistant state's attorney informed the court
that the state would nolle the other count at the time
of sentencing. At this time, the plaintiff's private
counsel advised the court that the plaintiff was a
parole violator and wished to be sentenced as soon
as possible. The plaintiff's attorney also told the
court that, if possible, the plaintiff would waive a
presentence investigation so that he might be sen-
tenced as soon as possible, but the court ordered a
presentence report and continued the case to Febru-
ary 2, 1966, for sentencing. On the morning of
February 2, 1966, the plaintiff had discussed the
case with his counsel and also had talked with his
wife. On February 2, 1966, the plaintiff was sen-
tenced to a term in the state prison to run concur-
rently with any time he owed as a parole violator.
At the time of sentencing, the court was informed

that the plaintiff had made a statement to the probation officer about wanting to change his plea. The court asked the plaintiff whether he wished to withdraw his plea and he stated that he was confused, that a lot of pressure had been put on him and he did not know what to do. The court passed the matter temporarily so that the plaintiff could confer with his counsel, and, following a short conference, counsel told the court that if his client decided to change his plea then he did not wish to continue as his attorney. The court told counsel he could not withdraw and that the plaintiff had to decide himself whether or not he wanted to change his plea. The court then asked the plaintiff if he wanted to change his plea. The plaintiff stated that he did not wish to do so. The court did not refuse to allow him to change his plea if he had so desired. At all the proceedings in the Superior Court, the plaintiff was represented by private counsel of his own choosing and did not indicate to the court that he was dissatisfied with him. At the hearing on his habeas corpus petition the plaintiff did not call as a witness the private counsel who had represented him at the time of his plea and sentencing.

The court concluded, inter alia, (1) that the plaintiff did not sustain his burden of proof that his plea of guilty was not voluntary and (2) that the decision by the plaintiff not to withdraw his guilty plea was made voluntarily, with full understanding of the offense charged and with adequate and effective assistance of counsel. Our decision on the merits of the plaintiff's attack on these two conclusions is dispositive of this appeal.

The plaintiff argues in his brief that on January 19, 1966, when he changed his plea to guilty, the court made no inquiry as to the voluntariness of his

plea and that this constitutes reversible error. The plaintiff relies on the holding in *Boykin* v. *Alabama,* 395 U.S. 238, 242, 89 S. Ct. 1709, 23 L. Ed. 2d 274, which, in addition to reiterating the rule that a plea of guilty must be intelligent and voluntary, mandated the additional requirement that the record must affirmatively disclose such voluntariness. From the plaintiff's reliance on the *Boykin* rule, the claim is essentially made that the plaintiff never made a voluntary plea of guilty, that the record does not disclose that it was voluntary and that the plaintiff's position at the sentencing hearing on February 2, 1966, was that of an accused who thus had not voluntarily pleaded guilty. With this line of reasoning, we do not agree.

In our view the rule established in the *Boykin* case is not to be applied retroactively. *Consiglio* v. *Warden,* 160 Conn. 151, 165, 276 A.2d 773. The initial question before us, therefore, is whether the plaintiff's plea on January 19, 1966, was entered voluntarily. The burden of alleging and proving that he made an involuntary plea of guilty was on the plaintiff. *Vena* v. *Warden,* 154 Conn. 363, 367, 225 A.2d 802. A plea of guilty, when entered knowingly, voluntarily and on the advice of counsel, constitutes a waiver of all nonjurisdictional defenses. *Consiglio* v. *Warden,* supra, 166; *Williams* v. *Reincke,* 157 Conn. 143, 147, 249 A.2d 252, and cases cited therein.

The voluntariness of the plaintiff's plea can be determined only by considering all the relevant circumstances surrounding it. *Williams* v. *Reincke,* supra. One of these circumstances was the possibility of a heavier sentence following a guilty verdict after trial. In the information the plaintiff was charged in two counts, one alleging the

crime of indecent assault, in violation of General Statutes § 53-217, which provides a maximum penalty of ten years, and the other alleging breaking and entering a dwelling in the daytime, in violation of § 53-73, which provides a maximum penalty of four years. The plaintiff's private counsel was present on January 19, 1966, when the state had its witnesses present and was ready to go to trial. The count relating to § 53-73 was nolled after the plea of guilty on the count charging indecent assault. The plaintiff's attorney advised the court that the plaintiff was a parole violator and wished to be sentenced as soon as possible. The presence of counsel when the plea of guilty was entered militates strongly against a conclusion that the plea was involuntary. *Reed* v. *Henderson,* 385 F.2d 995, 997 (6th Cir.); *Williams* v. *Reincke,* supra. A guilty plea is not invalid under the fifth amendment because it was motivated by a defendant's desire to accept the certainty or probability of a lesser penalty rather than face the possibility of a greater penalty after trial. *Brady* v. *United States,* 397 U.S. 742, 751, 90 S. Ct. 1463, 25 L. Ed. 2d 747.

There is nothing in the record of the hearing of January 19, 1966, or in the plaintiff's testimony at the habeas corpus hearing, as set forth in the appendix to his brief, which points to any claim that he was coerced or mistaken in pleading guilty, or that his attorney misled him by giving wrong advice, or that his plea was induced by threats or misrepresentations. The plaintiff does not argue in his brief that his plea on January 19, 1966, was rendered involuntarily or unintelligently as a result of any ineffective assistance of counsel. The only reason given by the plaintiff for pleading guilty appears in the appendix to his brief, where, when asked by

his court-appointed counsel at his habeas corpus hearing: "And why did you change your plea?", he answered: "Mr. Aaron had informed me that I had no case and I should change my plea to guilty." This can be construed as nothing more than an experienced lawyer's analysis of the evidence available to the plaintiff as against the state's evidence available through the array of witnesses in court on January 19, 1966, when the state was ready to proceed with the trial. The court correctly concluded that the plaintiff did not sustain his burden of proof that his plea of guilty was not voluntary.

We turn to the plaintiff's assignment of error directed at the court's conclusion that the decision by the plaintiff not to withdraw his guilty plea was done voluntarily, with full understanding of the offense charged and with adequate and effective assistance of counsel. The plaintiff on appeal does not argue in his brief nor does his appendix contain any testimony indicating that his decision not to withdraw his plea was done without full understanding of the offense charged or a full understanding of the consequences of his plea. He essentially argues that he was coerced into maintaining his plea of guilty.

Contrary to the allegation contained in the plaintiff's amended petition, we can find nothing in the record of the hearing on February 2, 1966, wherein the plaintiff "expressed his desire to the Superior Court to have his guilty plea withdrawn." Nothing appears in the record of the sentencing proceedings to show that the plaintiff asked for permission to withdraw his guilty plea. The record simply discloses that the plaintiff's counsel called the court's attention to a statement contained in a probation report that the plaintiff wanted to change his plea.

It does not appear that he requested his attorney on February 2, 1966, to inform the court that he then wished to withdraw his guilty plea, that he moved for permission to do so or that the court was called on for a ruling or, in fact, made any ruling, with regard to a withdrawal of plea by the plaintiff.

The finding, as recited earlier, discloses that at the time of sentencing on February 2, 1966, the court was told that the plaintiff had stated to the probation officer that he wanted to change his plea; that the court asked the plaintiff whether he wished to withdraw his plea of guilty and he said to the court that he was confused, that a lot of pressure had been put on him and he did not know what to do. The court temporarily passed the matter so that the plaintiff and his counsel could confer. They held a short conference. Counsel told the court that if the plaintiff decided to change his plea, he did not wish to continue as counsel. The court told counsel he could not withdraw and that the plaintiff had to decide himself whether or not he wished to change his plea. On direct inquiry by the court, the plaintiff stated that he did not wish to change his plea. The court did not refuse to allow the plaintiff to change his. plea if he so desired. He did not indicate to the court that he was dissatisfied with counsel. On the morning of February 2, 1966, the plaintiff had discussed the case with his counsel and talked with his wife. The court concluded, inter alia, (1) that the plaintiff was satisfied with his counsel and did not indicate that he wished to discharge him and (2) that the court gave the petitioner ample opportunity to tell the court whether or not he wanted to change his plea. While these two conclusions have been assigned as error, they have not been pursued by the plaintiff in his brief and, there-

fore, the attacks on these conclusions are treated as abandoned. *Covino* v. *Pfeffer,* 160 Conn. 212, 216, 276 A.2d 895; *Martin* v. *Kavanewsky,* 157 Conn. 514, 516, 255 A.2d 619.

It is clear from the facts in this case that we are not confronted with deciding the merits of an application or some affirmative act pointing to an attempt to withdraw a guilty plea. Furthermore, we construe the statement by counsel not as an attempt to withdraw but rather as an indication that counsel would seek permission to withdraw if the plaintiff changed his mind. Nowhere does the record disclose that the plaintiff did change his mind. In view of the court's unchallenged finding of fact that the court did not refuse to allow the plaintiff to change his plea if he so desired, its conclusions that the court gave the plaintiff ample opportunity to tell the court whether or not he wished to change his plea and that the plaintiff was satisfied with his counsel, we find nothing before us to disturb the court's conclusion that the plaintiff's decision not to withdraw his plea was voluntary and was made with full understanding of the offense charged and with the adequate and effective assistance of counsel.

There is no error.

In this opinion the other judges concurred.