STATE OF CONNECTICUT *v.* ANONYMOUS (1971–21)*
(three cases)

SUPERIOR COURT

---

* Opinions on preliminary motions in criminal cases are thus entitled, in view of General Statutes § 54-90.

PALMER, J. In each of these three cases the defendant was arrested without the authority of a warrant and was brought before the Circuit Court, where he entered a plea of not guilty to the charges against him, waived a hearing in probable cause, and was bound over to the Superior Court in accordance with § 54-1a of the General Statutes. Each defendant was represented by counsel in the Circuit Court.

In each case the defendant has moved to dismiss the charges against him on the ground that the Superior Court has no jurisdiction of his person because he was arrested without probable cause, and each defendant seeks an evidentiary hearing to determine whether there was in fact probable cause for his arrest. The issue to be decided is whether, in the case of a warrantless arrest where the defendant waives a hearing in probable cause in the Circuit Court and is bound over to the Superior Court, he may then require the Superior Court to hold an evidentiary hearing to determine whether there was probable cause for his arrest.

The jurisdiction of the Superior Court over the person of a defendant charged with crime may be acquired in two different ways. One is by the issuance of a bench warrant, for the arrest of a defendant, by the Superior Court or a judge thereof upon the application of a state's attorney pursuant to § 54-43 of the General Statutes. A defendant arrested under the authority of such a bench warrant may by timely objection challenge the jurisdiction of the court over his person on the ground that the affidavit presented to the judge who issued the warrant did not contain a sufficient basis for finding that probable cause existed for issuing the warrant.

*State* v. *Saidel,* 159 Conn. 96, 99 (1970); *State* v. *Licari,* 153 Conn. 127, 132–34 (1965). This method of obtaining in personam jurisdiction is not involved in these cases.

The second and much more usual way by which the Superior Court acquires jurisdiction of the person of a defendant is by bind-over from the Circuit Court pursuant to the provisions of § 54-1a. Under the provisions of that section, a defendant may not be bound over to the Superior Court unless and until the Circuit Court conducts a hearing in probable cause and makes a finding of probable cause. At such a hearing the state has the burden of proving the existence of probable cause, and the defendant has full and ample opportunity to contest the issue whether there was probable cause for his arrest.

Each defendant in these cases was represented by counsel and elected to waive his absolute right to a hearing in probable cause before he could be bound over to the Superior Court. It was legally permissible for the defendants to waive this absolute right. "A right of trial by jury even when guaranteed by the constitution may be waived . . . ." *Nowey* v. *Kravitz,* 133 Conn. 394, 395 (1947); *Krupa* v. *Farmington River Power Co.,* 147 Conn. 153, 156 (1959). "The constitutional right of any accused in a criminal case to have the assistance of counsel may be waived . . . ." *State* v. *Nash,* 149 Conn. 655, 662 (1962). The constitutional right to a speedy trial may be waived. *State* v. *Hodge,* 153 Conn. 564, 569 (1966). The court is satisfied that it was proper for these defendants to waive their rights to hearings in probable cause.

Each defendant by waiving his right to require the state to show that there was probable cause for his arrest consented or voluntarily submitted to the

jurisdiction of the Superior Court over his person. He may not waive a right to a hearing in probable cause in the Circuit Court as specifically provided for by § 54-1a and thereafter demand such a hearing in the Superior Court. A contrary holding would violate the mandate of the legislature that the Circuit Court conduct hearings in probable cause in bind-over cases and would result in inundating the Superior Court with such hearings. This conclusion reached by the court in no way weakens or encroaches upon the right of a defendant accused of crime and arrested without a warrant to have the state show the existence of probable cause for his warrantless arrest. Section 54-1a gives him that right, to be exercised in the Circuit Court. These defendants chose to waive it. They cannot now be heard to complain.

It should be noted that subsequent to the oral arguments and the filing of briefs in respect to these motions the judges of the Superior Court adopted a new rule—to be known as § 499A of the Practice Book, effective September 1, 1971—which provides that all courts having jurisdiction of criminal cases "may, at any time, upon motion by the defendant, dismiss any information and order such defendant discharged if, in the opinion of the court, there is not sufficient evidence or cause to justify the bringing or continuing of such information or the placing of the person accused therein on trial. *No defendant who has been bound over after a hearing on probable cause or who has waived such a hearing may make a motion under this section until the state has completed the presentation of its evidence at the trial."* (Italics supplied.) Practice Book § 499A; see General Statutes § 54-56.

In each case the motion to dismiss for lack of in personam jurisdiction is denied.