RALPH LOMBARDI *v.* CHARLES BOCKHOLDT

HOUSE, C. J., LOISELLE, MACDONALD, BOGDANSKI and LONGO, Js.

Argued November 12—decision released December 17, 1974

*Ralph Lombardi,* pro se, the appellant (plaintiff).
*Norman Ebenstein,* for the appellee (defendant).

PER CURIAM. The plaintiff in 1967 brought an action against the defendant for damages for criminal conversation with the plaintiff's wife and the alienation of her affections based upon acts alleged to have taken place in 1958 and which were unknown to the plaintiff until disclosed to him by his wife in 1967. After a trial to the court, judgment was rendered for the defendant, and a subsequent letter from the plaintiff to the court claiming newly discovered evidence was treated by the court as a motion to open the judgment and was subsequently denied. After the court made its finding for an appeal to this court, the plaintiff, acting pro se throughout this appeal, filed a document entitled "Plaintiff's Rebuttal Brief For Appeal Review Board," which we will liberally construe as an assignment of errors attacking the judgment, the denial of a motion to open the judgment, and the basic findings of fact and conclusions made by the court.

A brief summary of the facts disclosed by the finding, which requires no correction, indicates that the plaintiff and Audrey Lombardi were married in 1950 and had a generally unhappy marriage with frequent fights. The finding also indicates that there were frequent statements by the plaintiff to his wife that he was having sexual relations with other women and that finally in 1967 Audrey Lombardi told the plaintiff that in 1958 she too had had extramarital relations, naming the defendant as her partner. During the trial of a divorce action instituted by Audrey Lombardi against the plaintiff, who filed a cross complaint therein, she testified

under oath in a deposition that she had never in fact had sexual relations with the defendant. In 1972, after a denial of divorce to either party in the above action, Audrey Lombardi cited the plaintiff into court for nonsupport and as a result of a conference between the parties and their respective attorneys, it was agreed that the plaintiff would continue to support Audrey Lombardi and her child provided that she, among other things, would agree to testify in the plaintiff's alienation of affections action about her relationship with the defendant. She accepted these conditions and was the plaintiff's principal witness at the trial of this case, testifying that she had, indeed, had sexual relations with the defendant in 1958. The finding further disclosed that Audrey Lombardi had a cerebral accident subsequent to her testimony in the divorce action in 1970 and prior to the entirely contrary testimony which she gave in the trial of the present case in 1973, which accident had affected her physically and mentally and which resulted in some loss of memory.

After the trial, the court concluded that there was no evidence to support the plaintiff's allegations concerning the defendant other than the testimony of Audrey Lombardi; that since she was an admitted perjurer in prior legal proceedings whose mental capacity and memory had been impaired since a cerebral accident and upon whom considerable financial pressure had been exerted by the plaintiff to secure her testimony, Audrey Lombardi's testimony was unworthy of belief and that the plaintiff had not sustained his burden of proof.

From the foregoing, it is obvious that the court was confronted with a substantial credibility prob-

lem and we have repeatedly stated that credibility of witnesses is the province of the trial court and that we will not usurp that function. *Dick* v. *Dick,* 167 Conn. 210, 213 n.1, 355 A.2d 110; *LaReau* v. *Warden,* 161 Conn. 303, 305, 288 A.2d 54.

We next consider the denial of what the court considered as a motion by the plaintiff to open the judgment on the grounds of newly discovered evidence. The evidence in question, consisting of tape recordings of telephone conversations between the plaintiff and the defendant in 1973, was found by the court after a hearing to concern only the credibility of the defendant's testimony and to be insufficient to alter the court's prior conclusion that the plaintiff had failed to sustain his burden of proof. "New trials are not granted upon newly discovered evidence which discredits a witness unless the evidence is so vital to the issues and so strong and convincing that a new trial would probably produce a different result. . . . The basic question which the trial court has to decide is whether upon all the evidence an injustice had been done. In deciding this question, the court has the exercise of a sound legal discretion, and its action cannot be disturbed unless this discretion has been abused." *Turner* v. *Scanlon,* 146 Conn. 149, 163, 148 A.2d 334. From our examination of the evidence in question, as printed in the appendices, we cannot find that the court abused its discretion in denying the motion to open.

There is no error.