JAMES E. KICK *v.* JOSEPH A. ETELMAN

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 975

Argued October 16 – decided December 26, 1980

*Geoffrey S. Brandner,* for the appellant (defendant).

*James A. Curran,* for the appellee (plaintiff).

DALY, J.   The plaintiff instituted this action to recover $1000 due on a promissory note executed by the defendant.   The defendant acknowledged the execution of the note but pleaded accord and satisfaction by way of the issuance of corporate stock.   He also counterclaimed for money due for accounting services performed for the plaintiff in the amount of $1600.

The plaintiff claimed that the stock transfer was payment for electrical services which he had performed for the defendant in the past.   As to the counterclaim, the plaintiff maintained that the accounting services performed for him by the defendant were also in return for electrical services performed, and that in part the accounting services were rendered gratuitously based on their mutual friendship. After hearing the evidence, the trial referee resolved the issues in favor of the plaintiff on the complaint and on the counterclaim.   The defendant has appealed from the judgment rendered.

The defendant claims that the finding of the trial referee that the electrical services rendered by the plaintiff were far in excess of the accounting services rendered by the defendant was clearly erroneous.   In his memorandum of decision, the trial referee relied upon other factors in addition to the value of the electrical services performed.   The referee found it more probable than not that the defendant had stated that he was not charging for the services at the time he rendered them, and that the accounting services were not rendered under circumstances that would imply a promise to pay their reasonable value.   The real issue, then, is whether sufficient evidence was presented to enable the referee to have reasonably rendered judgment for the plaintiff.

There was conflicting testimony presented concerning the defendant's intention not to charge for his accounting services and the circumstances surrounding the various transactions involved. The plaintiff testified that the defendant had stated that he would not charge for the accounting services; the defendant testified that it was understood that he was not doing the work gratuitously. This presents a classic situation where the trier of fact must determine the credibility of the witnesses. The trier of fact is the sole arbiter of what testimony is to be believed and what testimony is to be rejected. *Humphrey* v. *Argraves,* 145 Conn. 350, 355, 143 A.2d 432 (1958). In the case of conflicting testimony, it is the function of the trier of fact to determine the credibility and weight to be given the testimony. *LaReau* v. *Warden,* 161 Conn. 303, 305, 288 A.2d 54 (1971); *Henry* v. *Bacon,* 143 Conn. 648, 651, 124 A.2d 913 (1956). Where there is conflicting testimony, it is within the province of the trial court to believe the plaintiff's version. *Cappiello* v. *Haselman,* 154 Conn. 490, 496, 227 A.2d 79 (1967). On the basis of the testimony presented, the referee was justified in rendering judgment for the plaintiff.

There is no error.

In this opinion SHEA and BIELUCH, Js., concurred.