IN RE JUVENILE APPEAL (84–5)*
(2104)

TESTO, HULL and DUPONT, Js.

Argued February 2—decision released May 22, 1984

---

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 2026, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

*John M. Andrieni,* assistant public defender, with whom, on the brief, was *Kenneth Rosenthal,* assistant public defender, for the appellant (juvenile).

*Francis J. Carino,* chief court advocate, for the appellee (state).

PER CURIAM. The respondent juvenile was adjudicated a delinquent after being found guilty of robbery in the second degree in violation of General Statutes § 53a-135. The day following the robbery, the juvenile was arrested without a warrant, and approximately twelve hours later was re-arrested under a warrant. Three weeks later, the respondent filed a motion to dismiss the petition of alleged delinquency on the ground that the original warrantless arrest was without probable cause.[1] The trial court found that the initial warrantless arrest lacked probable cause but that the subsequent arrest by warrant was based on probable cause. The court, therefore, denied the motion to dismiss on the ground that the subsequent, valid arrest warrant cured any constitutional impropriety of the prior, invalid warrantless arrest.

It is as important to state the issues which this case does not raise as to state its sole issue. This case does not involve any claim that the court lacked personal jurisdiction over the juvenile because of a lack of probable cause in the arrest warrant nor does it involve the failure to suppress evidence obtained in the period of twelve hours which elapsed between the warrantless

---

[1] A motion to suppress identification was simultaneously filed. Although the denial of this motion was included by the respondent in his preliminary statement of issues intended for presentation on appeal, he did not brief this issue and it is deemed abandoned. *State* v. *Samaha,* 180 Conn. 565, 565 n.1, 430 A.2d 1290 (1980).

arrest and the arrest under the warrant. It does not involve any claim by the state that the juvenile waived any defect in the original warrantless arrest or consented to the personal jurisdiction of the court obtained via that warrantless arrest. The sole issue raised on appeal[2] is whether the petition should be dismissed where the respondent was arrested under a valid arrest warrant, charging him with the same offense with which he had been charged earlier in the day pursuant to an invalid warrantless arrest.

A series of decisions, beginning with *State* v. *Licari,* 153 Conn. 127, 214 A.2d 900 (1965), have held that an arrest warrant issued without any facts supported by oath or affirmation from which a court issuing a warrant could make an independent determination of probable cause, entitles a defendant to a dismissal of the information unless the defendant waived any defect in the information and consented to the court's jurisdiction. *State* v. *Darwin,* 155 Conn. 124, 144, 230 A.2d 573 (1967), rev'd on other grounds, 391 U.S. 346, 88 S. Ct. 1488, 20 L. Ed. 2d 630 (1968); *State* v. *Orsini,* 155 Conn. 367, 378, 232 A.2d 907 (1967); *Reed* v. *Reincke,* 155 Conn. 591, 593, 236 A.2d 909 (1967); *State* v. *Tropiano,* 158 Conn. 412, 430–31, 262 A.2d 147 (1969), cert denied, 398 U.S. 949, 90 S. Ct. 1866, 26 L. Ed. 2d 288 (1970); *State* v. *Saidel,* 159 Conn. 96, 98, 267 A.2d 449 (1970); *State* v. *Saia,* 172 Conn. 37, 40–41, 372 A.2d 144 (1976); *State* v. *Dennis,* 189 Conn. 429, 433, 456 A.2d 333 (1983); *State* v. *Guertin,* 190 Conn. 440, 446, 461 A.2d 963 (1983); *State* v. *Gallagher,* 191 Conn. 433, 438–39, 465 A.2d 323 (1983).

None of these cases, however, involved a second, valid arrest, following a prior arrest found invalid on the ground that probable cause for the arrest had not been established. The *Licari* court held that dismissal

---

[2] This appeal was originally filed with the Appellate Session of the Superior Court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 3 (c).

of the information was the possible penalty for an arrest lacking probable cause. It did not, however, leave the decisional door open wide enough for a future holding that dismissal would be proper when a second, valid arrest charging the defendant with the same crime follows an earlier, invalid arrest. In fact, *State* v. *Gallagher,* supra, makes it clear that an illegal arrest is not a bar to a subsequent prosecution nor a defense to a valid conviction. The failure to establish probable cause at the time of an arrest does not prevent a subsequent arrest for the same offense as long as the second arrest is valid. *United States* v. *Crews,* 445 U.S. 463, 474, 100 S. Ct. 1244, 63 L. Ed. 2d 537 (1980); Keefe, "Licari: Good Law and Good Sense," 55 Conn. B.J. 483, 487 (1981).

The trial judge properly denied the respondent's motion to dismiss.

There is no error.