CHARLES O. DUKES *v.* WARDEN, CONNECTICUT STATE PRISON

HOUSE, THIM, RYAN, SHAPIRO and LOISELLE, Js.

Argued April 7—decided June 25, 1971

*James A. Wade,* for the appellant (plaintiff).

*Richard F. Banbury,* assistant state's attorney, with whom, on the brief, was *John D. LaBelle,* state's attorney, for the appellee (state).

LOISELLE, J. The plaintiff pleaded guilty, on May 16, 1967, to two counts in an information charging a violation of the Uniform State Narcotic Drug Act in the first count, and larceny in the second count. He was sentenced to state prison on June 16, 1967.

This appeal is taken from a judgment rendered January 15, 1970, denying his application for a writ of habeas corpus after a full hearing on the merits. Statutory certification for the appeal to this court was granted pursuant to General Statutes § 52-470.

This court has previously affirmed the plaintiff's conviction in connection with a direct appeal taken by him. *State* v. *Dukes,* 157 Conn. 498, 255 A.2d 614. The plaintiff, however, has made certain claims involving his federal constitutional rights in the present appeal from the judgment denying his petition for a writ of habeas corpus which were not raised on direct appeal.

It is well established that a guilty plea which is not made voluntarily and intelligently constitutes a violation of a defendant's federal constitutional rights and a judgment of conviction based on such a plea cannot stand. See *Brady* v. *United States,* 397 U.S. 742, 748, 90 S. Ct. 1463, 25 L. Ed. 2d 747;

*Boykin* v. *Alabama,* 395 U.S. 238, 243, 89 S. Ct. 1709, 23 L. Ed. 2d 274; *McCarthy* v. *United States,* 394 U.S. 459, 466, 89 S. Ct. 1166, 22 L. Ed. 2d 418; *Machibroda* v. *United States,* 368 U.S. 487, 493, 82 S. Ct. 510, 7 L. Ed. 2d 473; *Kercheval* v. *United States,* 274 U.S. 220, 223, 47 S. Ct. 582, 71 L. Ed. 1009; *Consiglio* v. *Warden,* 160 Conn. 151, 160, 276 A.2d 773; *Williams* v. *Reincke,* 157 Conn. 143, 148, 249 A.2d 252. The plaintiff in his petition alleged that his guilty plea was not voluntary and intelligent on several grounds. On appeal, however, he has asserted in essence only that he was denied the effective assistance of counsel, which rendered his plea involuntary and that the trial court did not make an adequate on-the-record inquiry into the voluntariness of his plea.

The plaintiff's primary claim is that the trial court erred in concluding that he was not denied the effective assistance of counsel and in overruling his claim that his plea was rendered involuntary by the ineffective assistance of counsel.

The following facts are relevant to this claim: The plaintiff was arrested in Hartford in March, 1967, on the two charges previously mentioned. He was represented in the Circuit Court by Robert C. Delaney, a member of the law firm of Zaccagnino, Linardos and Delaney, on the bindover proceedings. Between the time of the bindover proceedings and May 9, 1967, when the plaintiff appeared in the Superior Court for Hartford County for the entry of his plea, he had had discussions with Peter J. Zaccagnino, Jr., a member of the above-named law firm, regarding his plea. At the Superior Court hearing on May 9, 1967, the plaintiff had further discussions with Attorney Zaccagnino who advised him to plead guilty. The plaintiff maintained his

innocence and pleaded not guilty after some further discussion with the court, the state's attorney and Attorney Zaccagnino.

On May 16, 1967, the plaintiff appeared with Attorney Delaney and requested permission of the court to change his plea concerning the two counts in the information. After a lengthy discussion with Attorney Delaney and after searching questions by the court *(Johnson, J.)* concerning the change of plea, the plaintiff pleaded guilty to both charges. Attorney Zaccagnino was not present in court with the plaintiff when he entered his guilty plea.

On June 2, 1967, the plaintiff appeared in court with Attorney Zaccagnino for sentencing but the case was continued to June 16, 1967, at which time the plaintiff again appeared in court with Attorney Zaccagnino for sentencing. At that time he requested that his plea of guilty to both charges be withdrawn but the court denied his request and proceeded to sentence him to the state prison.

Ancillary to these proceedings, Attorney Zaccagnino represented two girls charged with conspiracy to obtain money by false pretenses in another unrelated case in which the plaintiff was a codefendant. The plaintiff was represented in that case by other counsel. The girls were in no way connected with the present case in which the defendant pleaded guilty. Prior to their sentencing by the court, Attorney Zaccagnino made certain remarks on their behalf and stated that the plaintiff had led the two girls astray; that the cooperation of the two girls had led the plaintiff to plead guilty in that case and that because of such cooperation the plaintiff would very shortly be removed from society. He also stated that the blame for the offenses committed by the two girls should be placed on the

plaintiff as he was the most culpable since he had all the instruments with which to dupe the girls. These remarks by Attorney Zaccagnino concerning the plaintiff had only to do with the relationship of the plaintiff and the two girls in that particular case where all three of them were codefendants, and in no way referred to the present case for which he was later to be sentenced.

None of the aforementioned facts found by the court are attacked by the plaintiff. The plaintiff, however, assigns error in the trial court's refusal to find certain paragraphs of his draft finding. The paragraphs in question state that on April 18, 1967, Attorney Zaccagnino represented the two girls when they appeared to plead guilty, that on June 2, 1967, he represented them when they appeared for sentencing, and that these appearances were before the same judge *(Devlin, J.)* before whom the plaintiff in this case later appeared for sentencing. The plaintiff has printed in his appendix portions of the transcript of the proceedings at which the girls were represented by Attorney Zaccagnino which disclose that the omitted facts were true. The state in its counterfinding included the same requests as were included in the paragraph in question of the plaintiff's draft finding. Moreover, the trial court in its memorandum of decision takes note of the omitted facts and treats them as undisputed. In light of the foregoing, we will take cognizance of the facts in question. See *State* v. *Mahmood,* 158 Conn. 536, 539, 265 A.2d 83.

In connection with the plaintiff's direct appeal this court held that the trial court did not err in concluding: That his plea of guilty on May 16, 1967, was voluntary and intelligent; that he had ample time to change counsel or indicate a desire again to

change his plea between May 16 and June 16; that no credible evidence was introduced in support of his request to change his plea made at the time of sentencing on June 16; that his request to change his plea made at this time was for the purpose of delaying sentencing, and that it would not be fair and just under all the circumstances to allow the defendant again to change his plea. *State v. Dukes,* 157 Conn. 498, 506, 255 A.2d 614.

In *Glasser v. United States,* 315 U.S. 60, 62 S. Ct. 457, 86 L. Ed. 680, the Supreme Court enunciated the principle that a conflict of interest in the representation of two or more defendants in the same case by the same counsel constitutes a denial of effective assistance of counsel. The mere fact, however, of joint representation of codefendants by a single attorney is not sufficient to establish ineffective assistance of counsel in the absence of a showing of an actual conflict of interest prejudicial to one of the defendants. See *United States v. Youpee,* 419 F.2d 1340, 1346 (9th Cir.); *United States v. Sheiner,* 410 F.2d 337, 343 (2d Cir.); *United States v. Berriel,* 371 F.2d 587 (6th Cir.); *Mohler v. United States,* 312 F.2d 228, 230 (7th Cir.), cert. denied, 374 U.S. 854, 83 S. Ct. 1922, 10 L. Ed. 2d 1074; *Lott v. United States,* 218 F.2d 675, 681 (5th Cir.); *State v. Costa,* 155 Conn. 304, 308, 232 A.2d 913, cert. denied, 389 U.S. 1044, 88 S. Ct. 789, 19 L. Ed. 2d 837.

The plaintiff claims that he was denied the effective assistance of counsel because there was a conflict of interest between Attorney Zaccagnino's representation of him in this case and his representation of the two defendants in another entirely unrelated case wherein he was a codefendant while the instant case was pending. This claim is based on the fact that Attorney Zaccagnino made derogatory re-

marks about the plaintiff to the trial judge before whom he was appearing on behalf of the two defendants in the other unrelated case, apparently in an effort to secure lighter sentences for them. The plaintiff contends that he was prejudiced by these remarks because they were made before the same judge who, two weeks later, sentenced him for the offenses with which he was charged in the present case.

Even assuming, arguendo, that there was a denial of the effective assistance of counsel because of a conflict of interest prejudicial to the plaintiff, the only question in this regard presented by this appeal is whether the conflict rendered the plea involuntary and unintelligent. Since *Gideon* v. *Wainwright,* 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799, it has been clear that a plea of guilty to a felony charge entered without counsel is invalid. *Brady* v. *United States,* 397 U.S. 742, 748 n.5, 90 S. Ct. 1463, 25 L. Ed. 2d 747; see *White* v. *Maryland,* 373 U.S. 59, 83 S. Ct. 1050, 10 L. Ed. 2d 193; see generally, note, 25 L. Ed. 2d 1025, 1032. Where, as here, however, a guilty plea is entered on the advice of counsel, the plea constitutes an admission of guilt and a waiver of nonjurisdictional defects and claims, including federal constitutional claims, which might otherwise be raised by way of defense, appeal or collateral attack. See *United States ex rel. Rogers* v. *Warden,* 381 F.2d 209, 212 (2d Cir.); *United States* v. *Doyle,* 348 F.2d 715, 718 (2d Cir.), cert. denied, 382 U.S. 843, 86 S. Ct. 89, 15 L. Ed. 2d 84; *United States ex rel. Boucher* v. *Reincke,* 341 F.2d 977, 980 (2d Cir.); *Consiglio* v. *Warden,* 160 Conn. 151, 166, 276 A.2d 773; *Williams* v. *Reincke,* 157 Conn. 143, 147, 249 A.2d 252. This waiver rule means that a claim of the ineffective assistance of counsel due to

an alleged conflict of interest, standing alone, is not sufficient to call the validity of a guilty plea and the judgment of conviction based thereon into question. *Curry* v. *Burke,* 404 F.2d 65 (7th Cir.); *Vanater* v. *Boles,* 377 F.2d 898, 901 (4th Cir.); *Martin* v. *United States,* 256 F.2d 345, 349 (5th Cir.), cert. denied, 358 U.S. 921, 79 S. Ct. 294, 3 L. Ed. 2d 240; *In re Shuttle,* 125 Vt. 257, 262, 214 A.2d 48. Of course, a guilty plea does not constitute a waiver of a claim that the plea itself was rendered involuntary and unintelligent as a result of a violation of an accused's fundamental constitutional rights. See *Pennsylvania ex rel. Herman* v. *Claudy,* 350 U.S. 116, 118, 76 S. Ct. 223, 100 L. Ed. 126; *Doran* v. *Wilson,* 369 F.2d 505, 507 (9th Cir.); *Williams* v. *Reincke,* supra, 148. Thus, an allegation of the ineffective assistance of counsel is a factor to be taken into consideration in determining whether a guilty plea was voluntary and intelligent, but for the plea and the judgment of conviction based thereon to be overturned on this ground, it must be demonstrated that there was such an interrelationship between the ineffective assistance of counsel and the plea that it can be said the plea was not voluntary and intelligent because of the ineffective assistance. See *Parker* v. *North Carolina,* 397 U.S. 790, 796, 90 S. Ct. 1458, 25 L. Ed. 2d 785; *McMann* v. *Richardson,* 397 U.S. 759, 770, 90 S. Ct. 1441, 25 L. Ed. 2d 763; *United States ex rel. Boucher* v. *Reincke,* supra, 981.

There is nothing in the record before us which would indicate that the alleged conflict resulted in ineffective assistance of counsel and did in fact render the plea in question involuntary and unintelligent. The plaintiff does not claim, and it is nowhere indicated in the finding, nor could it be inferred from the finding, that either Attorney Zac-

cagnino or Attorney Delaney induced the plaintiff to plead guilty in furtherance of a plan to obtain more favorable consideration from the court for other clients. See *United States ex rel. Taylor* v. *Rundle,* 305 F. Sup. 1036, 1039 (E.D. Pa.). Neither does the finding in any way disclose, nor is it claimed, that the plaintiff received misleading advice from Attorney Zaccagnino or Attorney Delaney which led him to plead guilty. *McMann* v. *Richardson,* supra; *Parker* v. *North Carolina,* supra. Moreover, the trial court specifically found that when the plaintiff engaged Zaccagnino as his counsel, he knew that Zaccagnino was representing two defendants in the unrelated case in which he was a codefendant, that he never complained to the court that he was not satisfied with Attorney Zaccagnino because of this dual representation, that he was not represented at the entry of his plea by Attorney Zaccagnino, that he was represented by Attorney Delaney at the entry of his plea, that he had a lengthy conversation with Attorney Delaney prior to entering his plea which he recalled completely, and that on specific inquiry by the court before he pleaded guilty, he told the court that he was satisfied with the representation by Attorney Delaney. The court did not err in concluding that the plaintiff's plea was not rendered involuntary and unintelligent by the alleged conflict of interest.

Obviously, the derogatory remarks by Attorney Zaccagnino on behalf of his clients in one case about a client whom he is representing in another case were highly improper. "When a client engages the services of a lawyer in a given piece of business he is entitled to feel that, until that business is finally disposed of in some manner, he has the undivided loyalty of the one upon whom he looks as his advo-

cate and his champion." *Grievance Committee* v. *Rottner,* 152 Conn. 59, 65, 203 A.2d 82; see *United States ex rel. Taylor* v. *Rundle,* supra; *Commonwealth* v. *Cullen,* 216 Pa. Super. 23, 260 A.2d 818. Attorney Zaccagnino is not a party to these proceedings and the question as to whether or not his conduct was such as to merit disciplinary action is not before us for decision on this appeal. We do not, accordingly, express any opinion as to what, if any, disciplinary action should be taken by the appropriate committee or by the Superior Court. As we have pointed out, the only question at issue here is whether counsel's action rendered the plaintiff's plea involuntary and unintelligent.

The plaintiff also claims that the trial court erred in concluding that the on-the-record inquiry made by the trial court at the entry of his plea was adequate for the court to determine that the plea was voluntary and intelligent. The plaintiff contends that the court's inquiry did not satisfy the requirements of *Boykin* v. *Alabama,* 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274, in which the United States Supreme Court held that it could not be presumed on the basis of a silent record that a plea was knowingly intelligent and voluntary. This court, however, recently held that the *Boykin* rule was not applicable retroactively to cases such as the present case in which the plea was entered prior to the *Boykin* decision. *Consiglio* v. *Warden,* 160 Conn. 151, 166, 276 A.2d 773. Moreover, the record in this case is far from being a silent one. The plaintiff was questioned by the trial court about his satisfaction with his counsel, about his understanding that the state had the burden of proof, about his understanding that he was entitled to a trial, and about the probable consequences of his plea. He was also

asked directly whether he was induced or influenced to plead guilty and whether his plea was of his own free will. In short, the plaintiff's claim that the trial court's inquiry was not adequate to determine the voluntariness of the plea is without merit.

There remains the state's contention that the plaintiff waived his right to raise these claims because he did not make them on direct appeal. This need not be considered inasmuch as we have found that the plaintiff's claims are without merit.

Although the determination that the plaintiff's guilty plea was voluntarily and intelligently made is dispositive of the appeal, to be certain that there was no injustice to the plaintiff at the time of sentencing, we have reviewed the entire transcript of the proceedings of June 2 and June 16, 1967. In addition, the entire record and briefs of the former appeal were also reviewed. The improper remarks made by counsel on June 2, 1967, were a repetition of what had already been told to the court in substance by the state's attorney. All of this was contained in great detail in the presentence report. The sentence imposed by the court on June 16, 1967, was an adoption of the recommendation made by the state's attorney. After the aforementioned thorough review, we are unable to find any indication of prejudice in respect to the sentencing of the plaintiff.

There is no error.

In this opinion the other judges concurred.