[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is a petition requesting habeas corpus relief from allegedly illegal confinement resulting from a judgment of conviction following a guilty plea and admission of violation of probation to attempted burglary third degree and violation of probation resulting in a total, effective sentence of eight years to serve. The petitioner claims, in an amended petition, that his imprisonment is unlawful because his trial attorney rendered ineffective assistance.
On October 28, 1992, the petitioner was arrested for attempted burglary third degree, criminal mischief third degree, and possession of burglar tools. On that date, the petitioner was on probation arising from a previous conviction for which he received a sentence of three years confinement, execution suspended, probation three years. On October 29, 1992, he was arraigned on the new charges, and a public defender, Attorney James Winslow, was appointed to represent him on the new charges.
Eventually, the petitioner entered pleas of not guilty and elected a jury trial. The case was assigned for a disposition conference, and, as a result of this conference, the judicial authority indicated a likely sentence of four years to serve if the petitioner chose to plead guilty to one file and admit the violation of probation. Instead of disposition, the petitioner's cases were placed on a firm jury trial list. When the petitioner's cases were reached for trial, and jury selection was to begin, on January 14, 1993, another judicial disposition conference was held, wherein the judicial authority indicated that he was likely to impose a total, effective sentence of eight years to serve upon a guilty plea to attempted burglary third degree and the violation of probation. The petitioner withdrew his previous pleas and elections and pleaded guilty to the attempted burglary charge and admitted a violation of probation. On that date he received the indicated, effective sentence of eight years incarceration. CT Page 8354
The petitioner contends that Winslow rendered ineffective assistance by neglecting to inform him of the four year sentence proposed at the pretrial disposition conference; by misadvising the petitioner that he would only serve ten percent of the eight year sentence under consideration; and by waiving a presentence investigation report. With respect to this last claim, the petitioner introduced no evidence as to the manner in which the absence of a presentence report may have affected the petitioner's sentence nor did he present any argument as to this claim. Therefore, the court regards that contention as abandoned.
Our Supreme Court has adopted the two-pronged Strickland test for evaluating ineffective assistance claims; Ostolaza v. Warden,26 Conn. App. 758, 761 (1992). That test requires that the petitioner demonstrate, by a preponderance of the evidence, both that his counsel's performance was substandard and that there exists a reasonable probability that, but for counsel's deficiencies, the outcome of the proceedings would have been different. Id.
As to the first prong of the Strickland test, the petitioner must demonstrate that his trial attorney's representation fell below an objective standard of reasonableness, Johnson v.Commissioner, 218 Conn. 403, 425 (1991). This standard of reasonableness is measured by prevailing, professional norms, Id. The habeas court must make every effort to eliminate the distorting effects of hindsight and to reconstruct the circumstances surrounding counsel's conduct from that attorney's perspective at the time of the representation, Id.
As to the prejudice prong of the Strickland test, in the context of a claim of ineffective assistance with regard to the entry of a guilty plea, that component of the test refers to proof that the purported ineffectiveness vitiated the voluntariness of the guilty plea, i.e. that the deficient representation triggered the guilty plea, Myers v. Manson, 192 Conn. 383, 396 (1984);Ventura v. Lopes, 10 Conn. App. 546, 554 (1987).
 I
Addressing the petitioner's first claim, i.e. Winslow's alleged failure to inform the petitioner of the four year proposed sentence, the petitioner testified at the habeas hearing that this suggested disposition was never conveyed to him by Winslow. Winslow also testified at the habeas hearing, and he indicated CT Page 8355 that, while he had no specific recollection of advising the petitioner of the proposal, he always communicated such offers or suggested dispositions to his clients. Furthermore, Winslow noted that the petitioner's case advanced from a pretrial docket to the firm jury list and would not have been so advanced unless it was reported to the court hearing the pretrial docket that the petitioner had rejected the suggested disposition.
Credibility is for the trier-of-fact to determine. The court finds that the petitioner has failed to meet his burden of proving that Winslow neglected to inform him of the four year proposed sentence. In addition to Winslow's testimony bearing on this subject, the petitioner's mother also testified at the habeas hearing. She indicated that during the time period in question her son experienced memory lapses which she felt resulted from his abuse of drugs. Such lapses were significant enough to cause the petitioner sometimes to forget who she was. Given this state of the evidence, the court finds that the petitioner has failed to prove, by a preponderance of the evidence, that Winslow neglected to inform him of the four year sentence proposal.
There is an even more fundamental reason to reject this claim, however. Even if the court believed that Winslow did fail to advise the petitioner of this proposed disposition, this purported failure played no part in the petitioner's later decision to plead guilty. In his own version of events, the petitioner learned of the earlier four year proposal at the time he was considering the eight year proposed disposition. When a defendant pleads guilty, he may not thereafter raise independent claims relating to the deprivation of constitutional rights, including the right to the effective assistance of counsel, that occurred before the entry of the guilty plea, Buckley v. Warden, 177 Conn. 538, 543 (1979);Dukes v. Warden, 161 Conn. 337, 344 (1971).
In other words, a later guilty plea waives all antecedent defects, except for lack of subject matter jurisdiction, including claims of ineffective counsel, which are unrelated to the advice concerning the propriety and voluntariness of that plea. Nothing indicates that the petitioner's decision to plead guilty and admit a violation of probation was tainted by the alleged failure to advise the petitioner of an earlier suggested disposition. Therefore, any deficiency attributable to this purported omission was waived by the petitioner by his later guilty plea.
II CT Page 8356
The court now turns to the petitioner's second claim, that is that Winslow misadvised him concerning what percentage of the eight year sentence he would have to serve before he might be eligible for earlier release. The petitioner testified that Winslow told him he would only have to serve ten percent of the eight year term before he would be eligible for release. Winslow, on the other hand, testified that, although he may have described for his clients the criteria and percentage then utilized by the department of corrections regarding early release, he always coupled such advice with a warning that these figures were merely estimates which depended upon the availability of prison beds, among other things, and that the client might have to serve the entire sentence as imposed. The court finds Winslow's testimony on this point credible and rejects the petitioner's version.
Having so found, the petitioner has failed to prove that Winslow's representation was deficient as alleged in the amended petition.
For these reasons, the petition is dismissed.
Sferrazza, J.