[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is a petition seeking habeas corpus relief from allegedly unlawful confinement resulting from a judgment of conviction, after a guilty plea, for illegal possession of cocaine with intent to sell, in violation of General Statutes § 21a-277 (a), upon which conviction the petitioner received a sentence of twelve years incarceration.
In his revised, amended petition, the petitioner claims that his confinement is unlawful because his trial counsel, Attorney William Browne, rendered ineffective assistance at his criminal trial in that Browne failed to move for a judgment of acquittal at CT Page 8507 the close of the prosecution case; failed to object to or seek remedy for the prosecutor's withdrawal of, an additional charge of possession of marijuana with intent to sell; failed to respond properly regarding the suppression of certain evidence; failed to advise the petitioner adequately with respect to a change of plea from not guilty to guilty; failed to argue sufficiently at sentencing; failed to object to the prosecutor's recommendation and other comments at sentencing; failed to argue adequately regarding a motion for anew trial; and failed to prepare properly for trial. The petitioner also claims his appellate counsel, Attorney Earl Williams, rendered ineffective assistance by failing to raise issues relating to the ineffective assistance of trial counsel on direct appeal and by submitting an inadequate appellate brief.
After careful consideration of all the evidence adduced at the habeas hearing, the court finds the following facts. The petitioner was arrested for possession of cocaine with intent to sell on September 6, 1990. The petitioner pleaded not guilty to this charge and elected a jury trial. At that time the petitioner was also charged with possession of marijuana with intent to sell. On July 16, 1991, before the jurors were sworn and out of the presence of the jurors, the prosecutor withdrew the charge of possession of marijuana with intent to sell.
The prosecution case consisted of evidence that around 4 p. m., September 6, 1990, a police surveillance team observed the petitioner standing among a group of other men on the street in front of a church near the intersection of Union and Stratford Avenues in Bridgeport. Four members of the group repeatedly approached vehicles passing on the street, conversed with the occupants of the vehicles, and exchanged small packets of white powder for cash. The four men would then take the cash received and give it to the petitioner and another individual.
After a time, the surveillance team called in an apprehension team to detain the group. As a result of the apprehension, and a brief chase which occurred in conjunction therewith, six persons, including the petitioner were detained, thirty-five film canisters, some of which contained multiple packets of cocaine, were seized along with other drug-trafficking paraphernalia. The petitioner's car was parked nearby, and a search of the car resulted in the seizure of a large number of plastic baggies. When the petitioner was arrested, he had $400 in cash on his person as well as an electronic pager. While the pager was in police custody, it activated and registered the phone number of a caller. The police CT Page 8508 called the phone number recorded by the pager. A person answered who wanted to obtain two or three bags of "coke."
The defense theory at trial was alibi. To establish this defense the defense called as a witness Howard Peters. Peters testified that he worked at a manufacturing company in Ansonia and that the petitioner also worked there. Peters also stated that the petitioner drove Peters to work with him every work day, worked with him, and drove Peters home after work. Specifically, Peters recalled that on September 6, 1990, he and the petitioner worked together from 7 A.M. to 3:30 P.M. and that the petitioner drove Peters home from work. Peters related that, on that day, the petitioner stopped at a bank on the way home from work to cash his paycheck. This event was how the defense intended to account for the large sum of money found on the petitioner when he was arrested.
Shortly after Peters testified, the prosecutor's office investigated the details of his story. The investigation revealed that Peter's sworn testimony was a total fabrication. The petitioner never worked for the company nor did he transport Peters to and from work on September 6, 1990, or any other day.
Peter's employer contacted him regarding the investigation, and he, in turn, alerted the petitioner that their false alibi scheme had been uncovered. The petitioner informed his trial attorney of the exposure of the fictitious nature of the testimony that he and Peters had concocted. Browne explained to the petitioner that the discovery of the fraud would have disastrous impact on the jury's opinion of the defense case. The petitioner concurred and asked Browne to seek a plea agreement.
Browne spoke with the prosecutor about a change of plea. The prosecutor was unreceptive to leniency and indicated that even if the petitioner pleaded guilty he would still recommend lengthy incarceration. Browne relayed the prosecutor's position to the petitioner. The petitioner decided to plead guilty and rest his fate with the court despite having been informed of the prosecutor's recommendation for a substantial prison sentence. The court finds the petitioner's assertion that he believed that he was to receive no jail time upon changing his plea to be utterly unworthy of belief. The testimony of Browne, the history of the criminal case, and the petitioner's own words at the plea proceeding undercut this assertion. CT Page 8509
On July 23, 1991, the petitioner changed his plea to guilty. On September 3, 1991, the petitioner received a twelve year prison sentence. At that time, the petitioner moved for a new trial based on the withdrawal of the marijuana charge by the prosecutor. That motion was denied by the trial court.
On appeal, Williams raised issues related to the validity of the petitioner's guilty plea. The judgment of conviction was affirmed, State v. Whyte, 31 Conn. App. 901 (1993).
 I
The court first addresses the petitioner's claims of ineffective assistance by Browne which claims are related to occurrences antecedent to the petitioner's guilty plea and unrelated to Browne's advice regarding the change of plea.
 A.
The general rule is that a guilty plea waives all nonjurisdictional defects antecedent to the entering of the plea, including defects asserting constitutional deprivations, State v.Madera, 198 Conn. 92 (1985), p. 97; State v. Banks, 24 Conn. App. 408
(1991), p. 412. Only defects which implicate the subject matter jurisdiction of the court survive a later valid guilty plea, and defects asserting a lack of personal jurisdiction over an accused are waived by a subsequent guilty plea, Reed v. Reincke,155 Conn. 591 (1967), p. 597; State v. Baez, 194 Conn. 612 (1984), p. 616.
This waiver rule applies equally to matters raised by way of direct appeal or by collateral attack, such as through a petition for habeas corpus relief, Dukes v. Warden, 161 Conn. 337 (1971), p. 343; Reed v. Reincke, supra, p. 601; Cajigas v. Warden, 179 Conn. 78
(1979), p. 81.
The antecedent defects waived by guilty pleas include claims of ineffective assistance of counsel for representation unrelated to the advice surrounding the change of plea, McKnight v.Commissioner, 35 Conn. App. 762, 764 (1994); Dukes v. Warden,161 Conn. 337, 343 (1971); Siers v. Ryan, 773 F.2d 37 (CA 3 1985), cert. den., 490 U.S. 1026; U.S. v. Green, 722 F. Sup. 1221 (E.D. Pa., 1989); U.S. v. Winfield, 960 F.2d 970 (CA 11, 1992); Wilson v.U.S., 962 F.2d 996 (CA 11, 1992); Taylor v. Whitely, 933 F.2d 325
(CA 5, 1991). CT Page 8510
Because the petitioner's subsequent guilty plea waived any ineffective assistance claim as to Browne's representation during or in preparation for the petitioner's criminal trial, the court need not address the petitioner's attack on Browne's performance regarding the lack of a motion for judgment of acquittal; improper preparation for trial; inadequate response to the prosecutions withdrawal of the marijuana charge; and the failure to address certain suppression of evidence issues.
 II
The court next considers the petitioner's claim that Brown provided ineffective assistance by inadequately advising the petitioner with respect to his decision to change his plea to guilty.
Our Supreme Court has adopted the two-pronged Strickland test for evaluating ineffective assistance claims, Johnson v.Commissioner, 218 Conn. 403 (1991), p. 425. Under this standard, the petitioner must prove both that his trial attorney's performance was deficient, and that this deficient performance prejudiced his defense. Id., p. 424. If it is easier to dispose of the claim on the ground of insufficient prejudice, the habeas court need not address the question of counsel's performance,Pelletier v. Warden, 32 Conn. App. 38 (1993), p. 46. Because the court concludes that an examination of the prejudice component of the Strickland test is dispositive, the court proceeds to address that issue directly.
In order to satisfy the prejudice prong of the Strickland
test, the petitioner must prove, by a preponderance of the evidence, that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different, Levine v. Manson, 195 Conn. 636 (1985), p. 640. Reasonable probability means a probability sufficient to undermine confidence in the verdict, Bunkley v. Commissioner,222 Conn. 444 (1992), p. 454; that is, the petitioner must show that there is a reasonable probability that he remains burdened by an unreliable determination of guilt, Id.
In the area of an ineffective assistance claim with respect to the entry of a guilty plea, our Supreme Court has recently applied the so-called Hill modification to the prejudice prong of theStrickland standard, Copas v. Commissioner, 234 Conn. 139, 151
CT Page 8511 (1995). This modification arose in the U.S. Supreme Court case ofHill v. Lockhart, 474 U.S. 52 (1985). The modified standard requires that in order for a habeas petitioner to meet the burden of proving prejudice under the Strickland test, the petitioner must demonstrate that, but for counsel's deficiencies, he would have elected trial instead of pleading guilty and that the evidence and defenses properly presented at that trial were likely to have succeeded, Copas v. Commissioner, supra. "Success" at trial means a reasonable likelihood of acquittal or a more favorable sentence, Id., fn. 18.
This petitioner has failed to prove, by a preponderance of the evidence, that a continuation of his criminal trial would have resulted in an acquittal on the charge or a more favorable sentence. At trial the petitioner was positively identified by a police witness as one of the persons to whom four other men gave the money they collected from selling cocaine to several passing motorists. As a result of the police raid on the operation, the petitioner was apprehended and on his person was discovered a large quantity of cash and a pager. The pager proved to be one used to facilitate cocaine sales. A large number of packets containing cocaine were also seized as well as packaging material.
Had the trial proceeded, the prosecution most certainly would have introduced evidence sufficient to justify an inference by the trier-of-fact that the petitioner plotted with Peters to present perjury in an unsuccessful attempt to establish a false alibi. The petitioner himself recognized the devastation wrought by the discovery of the ruse. The unravelling of his alibi was the motivation for the petitioner to ask Browne to negotiate a plea agreement, and the main factor in the petitioner's decision to plead guilty rather than continue with his trial. The court finds that the petitioner's chances for acquittal after a trial were remote.
The petitioner has produced no evidence whatsoever that a criminal trial would reasonably likely result in a more favorable sentence. By pleading guilty, the petitioner could argue a claim for leniency based on his admission of guilt, the time and effort saved by the plea, and the consideration given to a defendant who voluntarily relinquishes trial rights.
The petitioner has failed to meet his burden of proving the prejudice component of the Strickland standard as modified by Hill.
CT Page 8512
 III
Next, the petitioner contends that Browne rendered ineffective assistance at his sentencing hearing by failing to object to the prosecutor recommending the maximum prison sentence and to other purportedly improper comments by the prosecutor. Again, it is the petitioner's burden to prove that, but for his counsel's allegedly substandard performance, there exists a reasonable probability that a lighter sentence would have been imposed. The court finds that the petitioner has failed to meet this burden.
The trial judge at the petitioner's sentencing prefaced the imposition of punishment by a detailed analysis of the salient factors which contributed to the court's ultimate decision as to the appropriate penalty. Significantly, the trial court made no reference to any of the comments by the prosecutor with which the petitioner now takes umbrage. The trial court mentioned only those factors which unquestionably were legitimate in any consideration of punishment of criminal activity.
These factors were matters which arose from the trial court's familiarity with the evidence adduced at the truncated trial and the information supplied to the trial court in the presentence investigation report. The trial court contrasted the petitioner's good upbringing and opportunities for success with his history of criminal convictions. The trial judge noted that the petitioner had squandered the second chances he had received in court on previous occasions and rejected the avenue for rehabilitation afforded by being placed on probation for earlier offenses. The trial court was justifiably troubled by the elaborate, premeditated criminal scheme in which the petitioner was an apparent leader. The trial court also lamented the detriment to the community engendered by the illicit sale of narcotics.
It is clear that the sentencing authority relied only on legitimate concerns in assessing punishment for the crime committed. The court finds, therefore, that the petitioner has failed to demonstrate that a lesser sentence was reasonably likely had Brown [Browne] reacted more vigorously to the purportedly improper comments by the prosecutor.
 IV
The petitioner also asserts that Browne rendered ineffective assistance by inadequately arguing a motion for a new trial. In CT Page 8513 his posttrial brief, the petitioner cites no Connecticut authority which supports the granting of a new trial simply because the prosecutor withdraws one count before the jury is sworn and evidence is taken in the case. The court concludes that the petitioner has failed to prove there exists a reasonable probability that such a motion would have been granted but for Browne's allegedly weak argument in support thereof.
Additionally, as discussed above in section I, the petitioner's guilty plea waived all antecedent, nonjurisdictional legal defects including any claim arising from the prosecutor's withdrawal of the marijuana count before the evidence commenced. The motion for a new trial was made at the sentencing hearing. The court finds that this belated attempt to attack the prosecutor's withdrawal of a charge would have failed because the petitioner's guilty plea constituted a waiver of that issue.
 V
The petitioner further contends that Williams rendered ineffective assistance with respect to the petitioner's appeal by declining to raise issues of Browne's ineffective representation at the petitioner's criminal trial. This contention is utterly devoid of merit.
Ineffective assistance of trial counsel may not be raised on direct appeal, State v. Leecan, 198 Conn. 517, 542 (1986). Appellate counsel cannot be faulted for declining to raise this issue on direct appeal where case law mandates that ineffective assistance claims be raised in collateral proceedings. The petitioner has failed to meet his burden of proving William's representation was deficient under the first prong of theStrickland standard.
In his posttrial brief, at page 49, the petitioner makes a general statement that Williams also failed "fully and properly" to present the facts and "misargued" the issues. The posttrial brief contains no specifics and no analysis of these accusations other than the failure to address the ineffective assistance issues dealt with above. The court regards the absence of meaningful argument as to any other unspecified deficiency by appellate counsel as an abandonment of any additional claim.
In his revised, amended petition the petitioner also raised an issue regarding the prosecutor reneging on a postsentencing offer CT Page 8514 to support the petitioner's request for clemency if he cooperated in an unrelated criminal investigation. The petitioner's posttrial brief contains no argument regarding this issue, and the court regards the claim as abandoned.
For these reasons, the petition is dismissed.
Sferrazza, J.