[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner, by counsel, has filed a second amended two count petition for a writ of habeas corpus. The first count is based on a claim of ineffective counsel and the second count alleges a violation of due process.
On March 4, 1999, the Petitioner, who was represented by Attorney Joseph Buckman, entered a plea of guilty to a charge of robbery in the first degree, a Class B felony, in the case of State of Connecticut v. Jeffrey Vaneck, in the Judicial District of Stamford/Norwalk at Stamford. On that same date, the court, (Commerford, J.) accepted the plea, found the petitioner guilty, and sentenced the petitioner to a term of imprisonment of eight and one-half years to serve in accordance with the agreed recommendation. The sentences were to run concurrently with two concurrent seven year sentences which the defendant was then serving, imposed on two drug charges on September 29, 1998. The state did not proceed on a second count, charging the petitioner with being a persistent dangerous felony offender, which charge was based on a 1991 conviction of sexual assault in the first degree in which the petitioner was sentenced to a term of imprisonment of twelve years, execution suspended after three years.
The first count of the petition, in support of the claim of ineffective assistance of counsel, alleges that (a) counsel failed to challenge the photo array from which the store owner identified the petitioner as the perpetrator of the crime (b) failed to investigate the background of witness Susan Schmidt so that her statement given to the police could be shown to be in exchange for her testimony against the petitioner; (c) coerced the petitioner into accepting the plea agreement; (d) and failed to advise the petitioner that he was also charged in the second count with being a persistent dangerous felony offender. This last claim was added several days after the hearing before the court to conform the petition to the evidence offered at the trial. These alleged acts and omissions by trial counsel are claimed as demonstrating ineffective assistance of counsel and that there is a reasonable probability that but CT Page 7113 for these acts and omissions, the petitioner would not have pleaded guilty and would have exercised his right to a trial.
The second count alleges that the plea of guilty was not voluntarily and knowingly made because the court failed to inform the petitioner of the minimum sentence which must be imposed upon a conviction of a Class B felony.
In order for the petitioner to prevail on the first count he must demonstrate first that his counsel was ineffective in one of the ways alleged, and second, if ineffective assistance of counsel is proven, that there was such an interrelationship between the ineffective assistance and the plea that it can be said that the plea was not voluntary and intelligently made because of the ineffective assistance. Dukes v. Warden, 161 Conn. 337, 344. (1971).
The short answer to the allegations of the first count is that the court finds that the petitioner has failed to prove any of these allegations. During his testimony before this court he didn't even mention (a) and (b) of his petition. His testimony before this court with respect to what he was told and what he knew at the time of his plea was inconsistent, contradictory, and in connection with some of his testimony, contradicted by court records which were in evidence. Simply put, the court does not believe the petitioner. He has failed to prove that his counsel was ineffective.
With respect to the second count, the respondent has admitted that at the time the plea of guilty was accepted and the petitioner sentenced to the agreed recommendation, that the court did not advise the petitioner of the minimum sentence of one year. The ramifications of this omission, if there are any, were not mentioned during the hearing before the court. In view of the overall situation confronting the defendant at the time of his plea, and the nature of the agreed recommendation, this court does not believe that had the minimum sentence been mentioned that it would have affected in any way the willingness of the petitioner to plead guilty.
For the reasons set forth above, the second amended petition dated May 12, 2000 is dismissed. ______________ Hadden, J.T.R.