******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

JOSEPH MINCEWICZ *v.* COMMISSIONER
OF CORRECTION
(AC 36781)

Beach, Alvord and Mullins, Js.

*Argued September 22—officially released December 29, 2015*

(Appeal from Superior Court, judicial district of
Tolland, Sferrazza, J.)

*Mary H. Trainer*, assigned counsel, for the appellant (petitioner).

*Nancy L. Walker*, deputy assistant state's attorney,
with whom, on the brief, were *Maureen Platt*, state's
attorney, and *Eva B. Lenczewski*, supervisory assistant
state's attorney, for the appellee (respondent).

*Opinion*

BEACH, J. The petitioner, Joseph Mincewicz, appeals from the judgment of the habeas court denying his amended petition for a writ of habeas corpus. In this appeal, the petitioner claims that the court, *Sferrazza, J.*, erred when it found that he had waived his claim of ineffective assistance of counsel. We disagree and therefore affirm the judgment of the habeas court.

The following facts and procedural history are relevant to the disposition of the petitioner's appeal. The petitioner pleaded guilty on August 12, 2008, to three crimes: (1) robbery in the first degree, (2) possession of narcotics, and (3) attempt to commit larceny in the fourth degree. In accordance with the plea bargain, the trial court, *Fasano, J.*, sentenced the petitioner to nine years of incarceration followed by ten years of special parole.

The amended petition for a writ of habeas corpus alleged ineffective assistance of counsel at the plea hearing, judicial error,[1] and prosecutorial misconduct.[2] Following a hearing, the court denied the petition in a written decision. As to the claim of ineffective assistance of counsel, the court found that the petitioner waived any claim[3] of deficient representation by his trial counsel, including her failure to pursue an insanity defense on the petitioner's behalf by entering a valid guilty plea. This appeal followed the habeas court's grant of certification to appeal.

The petitioner contends that the court erred when it found that he waived his claim of ineffective assistance of counsel arising from counsel's failure to inquire adequately and to develop evidence regarding the petitioner's mental state at the time of the offenses. The petitioner essentially argues that counsel's ineffective assistance contributed to his decision to plead guilty, and, as such, his claim was not waived by the entry of the guilty plea. In the circumstances of this case, we do not agree.

We begin by setting forth our standard of review for a denial of a petition for a writ of habeas corpus. "The conclusions reached by the trial court in its decision to dismiss [a] habeas petition are matters of law, subject to plenary review . . . . [When] the legal conclusions of the court are challenged, [the reviewing court] must determine whether they are legally and logically correct . . . and whether they find support in the facts that appear in the record." (Internal quotation marks omitted.) *Grant* v. *Commissioner of Correction*, 121 Conn. App. 295, 298, 995 A.2d 641, cert. denied, 297 Conn. 920, 996 A.2d 1192 (2010). Thus, in evaluating the court's conclusion that an intentional and knowing waiver occurred, we utilize a plenary standard of review. As to the court's factual findings underlying its conclusion that a waiver occurred, "we are mindful that [t]he

habeas court is afforded broad discretion in making its factual findings, and those findings will not be disturbed [on appeal] unless they are clearly erroneous. . . . Thus, [t]his court does not retry the case or evaluate the credibility of the witnesses. . . . Rather, we must defer to the [trier of fact's] assessment of the credibility of the witnesses based on its firsthand observation of their conduct, demeanor and attitude. . . . The habeas judge, as the trier of facts, is the sole arbiter of the credibility of witnesses and the weight to be given to their testimony. . . . Thus, the court's factual findings are entitled to great weight. . . . Furthermore, [a] finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Fine* v. *Commissioner of Correction*, 147 Conn. App. 136, 142, 81 A.3d 1209 (2013).

The general rule is that a guilty plea waives any nonjurisdictional defects that occurred prior to the entry of the plea, including any alleged constitutional deprivations. *State* v. *Niblack*, 220 Conn. 270, 277, 596 A.2d 407 (1991) (holding that petitioner was barred from "the later assertion of a constitutional challenge to a pretrial proceeding" because his *Alford* plea constituted waiver of defects antecedent to entry of plea); *State* v. *Madera*, 198 Conn. 92, 97, 503 A.2d 136 (1985). As long as the record shows that the guilty plea was "voluntary, knowing, intelligent, and done with sufficient awareness of the relevant circumstances and likely consequences," the plea is valid. (Internal quotation marks omitted.) *Buckley* v. *Warden*, 177 Conn. 538, 542, 418 A.2d 913 (1979). "[A] criminal defendant [who] has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged . . . may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Id., 542–43. "[The] waiver rule means that a claim of the ineffective assistance of counsel . . . is not sufficient to call the validity of a guilty plea and the judgment of conviction based thereon into question. . . . [I]t must be demonstrated that there was such an interrelationship between the ineffective assistance of counsel and the plea that it can be said [that] the plea was not voluntary and intelligent because of ineffective assistance." (Citations omitted.) *Dukes* v. *Warden*, 161 Conn. 337, 343–44, 288 A.2d 58 (1971), aff'd, 406 U.S. 250, 92 S. Ct. 1551, 32 L. Ed. 2d 45 (1972).

The facts underlying the petitioner's claim inform our review of the question of whether the petitioner waived his claim of ineffective assistance of counsel by pleading guilty. Shortly after her appointment to represent the petitioner, counsel pursued a psychiatric defense to the charges against the petitioner, by his request.

She pursued this course even though, according to the petitioner's testimony at the habeas trial, she advised him not to pursue an insanity defense. Notwithstanding her reservations about the insanity defense, counsel and a social worker obtained authorization to hire a well-known expert in psychiatry, Peter Morgan. Counsel requested Morgan to evaluate the petitioner's competency to stand trial or to plead guilty, and to determine whether the petitioner had any viable psychiatric defenses. In addition to interviewing the petitioner, Morgan examined records from a psychiatric facility that had treated the petitioner at about the time that the offenses occurred. Morgan requested additional records, and counsel provided them. Relying on this information, Morgan advised counsel that the petitioner did not have a viable psychiatric defense. Counsel informed the petitioner immediately of Morgan's evaluation. According to counsel's testimony at the habeas trial, the petitioner continued to "flip-flop" over whether to pursue the defense before he finally opted to plead guilty. The petitioner testified that his ultimate decision to plead guilty was made without regard to the conclusions drawn in Morgan's report.

We agree with the habeas court's conclusion that the petitioner waived his ineffective assistance of counsel claim. The petitioner first argues that counsel's ineffective assistance stemmed from the fact that she encouraged the petitioner to accept a plea bargain and to give up his insanity defense before she received Morgan's recommendation. This argument has been waived, however, because the record reveals that the court's finding that counsel's advice preceded and did not affect the petitioner's decision to plead guilty was not clearly erroneous.[4] The record does not compel a finding that counsel's early advice was so interrelated with the petitioner's subsequent guilty plea that it calls into question the validity of the plea. See *Dukes* v. *Warden*, supra, 161 Conn. 344. Counsel's initial advice did not deter the petitioner from urging counsel to continue to explore affirmative defenses; indeed, he testified that he did not decide to enter a plea until "the last moment."[5]

Second, counsel remained steadfast in her position that the petitioner should desert his attempt to enter an insanity defense after she received Morgan's expert advice. Counsel's recommendation, although not based on expert advice at the particular point referenced by the petitioner, ultimately was reinforced by expert input. Thus, the petitioner, who had been kept fully informed, has not shown that this recommendation rises to the level of ineffective assistance that would render his plea unintelligent or involuntary.[6]

The petitioner also argues that counsel provided ineffective assistance because she supplied Morgan with psychiatric records from only one institution rather than from all of the institutions at which he received

treatment. He argues that "these records were mishandled . . . [counsel] is not aware whether all the records were ever collected, was not aware if all the records were forwarded to the expert witness, and was not aware that her plea to the [petitioner] was based on missing and/or partial information as to his ability to succeed with an insanity or diminished capacity defense." The petitioner asserts that if counsel had provided Morgan with all of his medical records, counsel would have changed her recommendation that the petitioner accept a plea deal. Instead, he claims that counsel "continued to pressure [him] to accept a plea offer . . . ." This argument, in addition to being unsupported by evidence from the habeas trial,[7] was waived by the petitioner when he decided to enter his guilty plea. He provided no evidence to the habeas court that he relied on counsel's recommendation or Morgan's allegedly deficient report when deciding to plead guilty. In fact, when asked at the habeas trial whether he considered Morgan's report when entering his plea, the petitioner replied, "Not at all." Thus, what the petitioner claims is ineffective assistance in this matter does not negate the knowing, voluntary, and intelligent nature of the plea that he ultimately entered.

Under *Dukes*, the entry of a guilty plea waives future ineffective assistance of counsel claims unless the ineffective assistance is so intertwined with the guilty plea that the plea cannot be considered knowing, voluntary, and intelligent. *Dukes* v. *Warden*, supra, 161 Conn. 343–44. The petitioner was unable to show that counsel's failure to pursue an insanity defense to his satisfaction rendered his plea invalid. If any ineffective assistance conceivably occurred, it was antecedent to the plea hearing and known by the petitioner and, as such, was effectively waived upon entry of the plea. By the petitioner's own admission, he pleaded guilty for reasons unrelated to the probability of the success of an insanity defense.[8] Therefore, the court's conclusion that the petitioner waived his claim of ineffective assistance of counsel was proper.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The habeas court granted summary judgment as to the petitioner's claim that the trial court erred during arraignment and during the plea canvass.

[2] The court found that there was no evidentiary support for the allegation of prosecutorial misconduct.

[3] The petitioner raised additional allegations of ineffective assistance of counsel at the habeas trial, but they were denied. He has appealed only on the ground that counsel performed deficiently in failing to develop an insanity defense and that he did not waive this claim by pleading guilty.

[4] Additionally, during the plea proceeding, the following colloquy occurred:

"The Court: You understand by pleading to these charges and admitting violation of probation you're giving up the right to try the cases to the court or judge where appropriate with the assistance of your attorney, giving up your right to confront, cross-examine witnesses against you, your right against self-incrimination, your right to put on evidence on your own behalf, and your right to continue to plead not guilty and deny the violation; do you understand you're giving up those trial and hearing rights?

"[The Petitioner]: I understand."

[5] During the plea canvass, the petitioner informed the trial court that he was satisfied with counsel's performance:

"The Court: Have you had enough time to discuss these matters with your attorney?

"[The Petitioner]: Yes.

"The Court: Are you satisfied with her advice and counsel?

"[The Petitioner]: Yes."

[6] Moreover, the petitioner testified at the plea proceeding that, despite his use of psychiatric medications, he understood the nature of the proceeding:

"The Court: As you stand before the court right now, are you under the influence of drugs, alcohol, medication, any substance right now?

"[The Petitioner]: I'm on meds.

"The Court: All right. What's the nature of the—

"[The Petitioner]: Psychiatric meds.

"The Court: Anything that affects your ability to understand the nature of the proceedings, understand what you're doing today?

"[The Petitioner]: No."

[7] The record contains no evidence that Morgan would have changed his mind about the viability of the petitioner's insanity defense if he had received the additional records from the other psychiatric institutions that treated the petitioner, or that counsel would have advised the petitioner differently if Morgan recommended proceeding with an insanity defense after having received the records. No copies of records from other institutions were introduced at the habeas trial.

[8] The petitioner testified at the habeas trial that he pleaded guilty in an effort to avoid the risk of classification as a persistent dangerous felony offender.

————————————————————